PREET BHARARA
United States Attorney for the
Southern District of New York
By: ARASTU CHAUDHURY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2633
Facsimile:  (212) 637-2717
E-mail: arastu.chaudhury@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE:                                                    :
                                                          :
                                                          :
LETTER ROGATORY FOR                                       :
INTERNATIONAL JUDICIAL                                    :
ASSISTANCE FROM THE NATIONAL                              :
CIVIL COURT OF FIRST INSTANCE                             :
NO. 104, BUENOS AIRES, ARGENTINA,                         :
IN THE MATTER OF BECK, RONALD                             :
KURT v. STAHLSCHMIDT, HILDA                               :
-------------------------------------------------------x

APPLICATION FOR AN
*EX PARTE* ORDER PURSUANT
TO 28 U.S.C. § 1782(a)

M 10-7

 

Upon the accompanying declaration of Arastu K. Chaudhury, executed on March 31, 2016,

the United States of America, by its attorney, Preet Bharara, United States Attorney for the

Southern District of New York, petitions this Court for an order pursuant to 28 U.S.C. § 1782(a),

appointing Arastu K. Chaudhury, Assistant United States Attorney, as Commissioner for the

purpose of obtaining information as requested by a letter rogatory for international judicial

assistance from the National Civil Court of First Instance No. 104, Buenos Aires, Argentina,

seeking information from Deutsche Bank Capital Holdings Inc., in New York, New York, in

connection with a proceeding pending in that court captioned "Beck, Ronald Kurt v. Stahlschmidt,

Hilda."

Dated:   New York, New York
         March 31, 2016

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney for the
                                    Southern District of New York

                         By:        _____
                                    ARASTU K. CHAUDHURY
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Tel:   (212) 637-2633
                                    Fax:   (212) 637-2717
                                    Email: arastu.chaudhury@usdoj.gov

PREET BHARARA
United States Attorney for the
Southern District of New York
By: ARASTU K. CHAUDHURY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone:  (212) 637-2633
Facsimile:  (212) 637-2717
E-mail: arastu.chaudhury@usdoj.gov



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE:                                        :
                                              :                DECLARATION OF
LETTER ROGATORY FOR                           :                ARASTU K. CHAUDHURY
INTERNATIONAL JUDICIAL                        :
ASSISTANCE FROM THE NATIONAL                  :                M 10-7
CIVIL COURT OF FIRST INSTANCE.                :
NO. 104, BUENOS AIRES, ARGENTINA,             :
IN THE MATTER OF BECK, RONALD                 :
KURT v. STAHLSCHMIDT, HILDA                   :
-----------------------------------------------------x

I, Arastu K. Chaudhury, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York, counsel for the United States of America (the

"Government").  I make this declaration upon information and belief based upon the attached

exhibits and communications with personnel in the United States Department of Justice, to which

a letter rogatory has been transmitted for execution.  I make this declaration in support of the

Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as a

Commissioner for the purpose of obtaining information from Deutsche Bank Capital Holdings

Inc.

---

[1]  Section 1782(a) provides, in pertinent part, as follows:

2. In connection with a proceeding captioned "Beck, Ronald Kurt v. Stahlschmidt, Hilda," and pending in the National Civil Court of First Instance No. 104, Buenos Aires, Argentina (the "Argentine Court"), the Argentine Court issued a letter rogatory seeking information from Deutsche Bank Capital Holdings Inc.  A true and correct copy of the letter rogatory is attached hereto as Exhibit A.

3. An undated draft of a subpoena addressed to Deutsche Bank Capital Holdings Inc., Legal Department, 60 Wall Street, 36th Floor, New York, New York  10005, which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

4. To assist the Argentine Court in obtaining the requested information, I respectfully request that this Court appoint me as Commissioner as proposed in the *ex parte*

---

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

2

order attached hereto as Exhibit C.  No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated: New York, New York
     March 31, 2016

ARASTU K. CHAUDHURY
Assistant United States Attorney

EXHIBIT A

"2015 - AÑO DEL BICENTENARIO DEL CONGRESO DE LOS PUEBLOS LIBRES"



Ministerio de Relaciones Exteriores y Culto

Our file N° 1161/14                    Note N° 

Buenos Aires,

Jeanne Davidson                                    2 1 JUL 2015
Director
Office of Foreign Litigation
U.S. Department of Justice - Civil Division
1100 L Street N. W., Room 11106
Washington D.C. 20530
<u>United States of America</u>

        In our capacity as Argentine Central Authority for
the Hague Convention of March 1970 on the Taking of Evidence
Abroad in Civil or Commercial Matters, we are transmitting the
attached documentation for its fulfillment through the
competent authorities.

        The letter rogatory has been issued in the case "BECK
RONALD KURT C/ STAHLSCHMIDT HILDA S/ COLACION".

        Once the rogatory letter has been executed, we will
appreciate you sending its back to the following address:

            Ministerio de Relaciones Exteriores y Culto.
            Dirección de Asistencia Jurídica Internacional
                 Esmeralda 1212. 4° piso (1007)
                   Buenos Aires, Argentina.

        Yours sincerely,

Encl: in 1 file (6 fs).
moi

                                    AUG - 6 2015





## EXHORTO DIPLOMÁTICO

EL DR. ANDRES G. FRAGA, JUEZ NACIONAL DE LA REPUBLICA ARGENTINA, A CARGO DEL JUZGADO NACIONAL DE PRIMERA INSTANCIA EN LO CIVIL NUMERO 104, SECRETARIA UNICA DE LA CIUDAD DE BUENOS AIRES, REPUBLICA ARGENTINA, AL SEÑOR JUEZ DE IGUAL GRADO EN LO CIVIL QUE POR TURNO CORRESPONDA EN LA CIUDAD DE DOVER, ESTADO DE DELAWARE, ESTADOS UNIDOS, SALUDA, EXHORTA Y HACE SABER:

Que ante este Juzgado Nacional de Primera Instancia en lo Civil de Buenos Aires, Capital de la República Argentina, número 104, Secretaría única, con asiento en la calle Talcahuano N°490, 1° Piso, de la Ciudad de Buenos Aires, tramitan los autos caratulados **"BECK RONALD KURT C/ STAHLSCHMIDT HILDA S/ COLACIÓN" Expediente N° 27536/2013"** en los cuales se ha ordenado el presente exhorto, en el marco de la "CONVENCION SOBRE LA OBTENCION DE PRUEBAS EN EL EXTRANJERO EN MATERIA CIVIL COMERCIAL ADOPTADA EN LA HAYA EL 18/03/70 POR LA CONFERENCIA DE LA HAYA DE DERECHO INTERNACIONAL PRIVADO", y dando cumplimiento a lo establecido en el Capitulo I:

a) **La autoridad requirente** es el Dr. Andrés G. Fraga, Juez del Juzgado Nacional de Primera Instancia en lo Civil N° 104 de la Ciudad de Buenos Aires.

b) Las partes en el presente juicio son:

1) ACTOR: BECK RONALD KURT, DNI N° ████3.530, siendo su apoderado judicial el Dr. Carlos E.M. Vásquez hijo, con domicilio procesal en Av. Córdoba 1309, Piso 3°A, Ciudad Autónoma de Buenos Aires

2) DEMANDADA: STAHLSCHMIDT HILDA, DNI N° ████6.025 siendo su apoderado la Dra. María Cecilia Gomez Masía ,con domicilio procesal en la calle Hipólito Yrigoyen N° 785, 3°G, Ciudad Autónoma de Buenos Aires.

c) El juicio en el cual se libra el presente exhorto tiene como **objeto la colación de herencia.**

**HECHOS:**

1.- Por ante el Juzgado Nacional de I° Instancia en lo Civil N° 104 tramitó la sucesión de la Sra. Hildegard Augusta María Isabel Kipp (Expte. 34.183/2011)

2.- Con fecha 12 de Octubre de 2012 se dictó declaratoria de herederos reconociendo como únicos y universales herederos a sus hijos, el Sr. Beck Ronald Kurt y a la Sra. Stahschmidt Hilda (fojas 166 del expte citado).

3.- Con fecha 24 de Abril de 2013 el Sr. Beck Ronald Kurt inició acción de colación de herencia a los fines de llamar a la masa hereditaria bienes que fueron de la causante, Doña Hildegard Augusta María Isabel Kipp, pero que, a criterio del actor, fueron donados, directa o indirectamente (mediante

operaciones disfrazadas) a la Sra. Hilda Stahlschmidt con el fin de favorecerla.

4.- La Sra. Stahlschmidt contesta la demanda de colación el 09 de Agosto de 2013 resistiendo la pretensión del actor.

5.- El 13 de Febrero de 2014 se celebra una audiencia de conciliación entre las partes con resultado negativo, lo cual da lugar a la apertura a prueba en el presente juicio.

6.- La Sra. Stahlschmidt ofreció, entre otra, la siguiente prueba informativa que da lugar al presente exhorto. Así, se solicita al Señor Juez  que en turno corresponda entender este exhorto en la ciudad de Dover, que por los medios apropiados de acuerdo a la ley del Estado de Delaware y de los Estados Unidos de Norteamérica, se sirva librar el siguiente Oficio:

**1) Al Banco Deutsche Bank Capital Holdings Inc.,** con domicilio en 1011 Centre Rd # 200, Wilmington, DELAWARE 19805, Estados Unidos, a los fines de solicitarle información acerca de la cuenta que se encuentra abierta a nombre de Ronald Kurt Beck (DNI Nº ████3.530), si la misma fue abierta por el citado y/o Hildegard Augusta Maria Isabel Kipp de Stahlschmidt, quienes son sus beneficiarios, los fondos que actualmente se encuentran depositados en ella, si dicha cuenta genera intereses y en su caso, si son retirados y quien los percibe, si se realiza transferencia bancaria a otro país y todo otro movimiento desde el año 2005 a la fecha y a que institución de Andorra se remiten los fondos para su cobro.

Los autos que ordenan el presente dicen: "*Buenos Aires, 06 de mayo de 2015:* (...) *II.- En atención a lo oportunamente solicitado a fs. 132, segundo párrafo, y lo informado a fs. 448/457 (v. traducción de fs.467/470); a los mismos fines y efectos requeridos a fs. 132, segundo párrafo (v. lo ordenado a fs. 182vta., apartado II.c), líbrese el exhorto diplomático pedido a Estados Unidos, el que será diligenciado mediante oficio de estilo ante el Ministerio de Relaciones Exteriores y Culto.- Firmado: ANDRES GUILLERMO FRAGA. JUEZ NACIONAL EN LO CIVIL.-"*

Se hace constar que las Dras. Maria Cecilia Gomez Masía, Norma Rosa Inés Mucciolo, Paola Luciana Faletto, Dr. Luciano Gonzalez Etkin, Sr. Joaquín Gomez Masía, Sr. Bernardo Paso y/o las personas que ellas designen se encuentran facultados para diligenciamiento del presente.

**EL INFRASCRIPTO RUEGA Y EXHORTA A VS EL DEBIDO CUMPLIMIENTO DE LO REQUERIDO.**

La Convención sobre la Obtención de Pruebas en el Extranjero del 18/III/1970 aprobada por la ley 23.480 en su art. 9° establece: "La autoridad judicial que ejecute un exhorto aplicará la legislación de su país en lo que se refiere a los procedimientos a seguir al efecto.

Sin embargo, ante solicitud de la autoridad requirente de que se proceda de acuerdo a algún procedimiento especial deberá hacerlo a menos que éste sea

incompatible con la legislación del Estado requerido o que su aplicación no sea

posible por no ajustarse a la práctica judicial interna del Estado requerido o por

otras dificultades de orden práctico.

Los exhortos deberán ser ejecutados con carácter urgente".

SALUDO AL SEÑOR JUEZ Y OFREZCO RECIPROCIDAD PARA CASOS

ANÁLOGOS.

DADO, sellado y firmado en la Sala de mi público despacho, en la ciudad de

Buenos Aires, Capital de la República Argentina a los ........ días del mes de

.............. de 2015

ANDRES GUILLERMO FRAGA
JEZ NACIONAL EN LO CIVIL

ANDRES GUILLERMO FRAGA
JEZ NACIONAL EN LO CIVIL

LA CAMARA NACIONAL DE APELA-
CIONES EN LO CIVIL CERTIFICA EN

Bs. As.   1 7 JUN 2015

QUE LA FIRMA Y SELLO QUE ANTECE-
DEN GUARDAN SIMILITUD CON LAS
CONSTANCIAS DE NUESTRO REGISTRO

MARIANA IRIGARAY
PROSECRETARIA ADMINISTRATIVA
LEGALIZACIONES CAMARA CIVIL

TRANSLATION ---------------------------------------------------------------------

[Seal on top of left margin first page]: RECEIVED. June 8th, 2015--------------------

[Seal with Argentine Coat of Arms stamped on all front pages of the document and on both pages on page one (back) and page two (front) and on page two (back) and page three (front)]: Civil First Instance National Court No. 104 of the City of Buenos Aires, Sole Clerk's Office, Argentine Republic. ----------------------

[Seal on all back pages and on both pages on page one (back) and page two (front) and on page two (back) and page three (front)]: Andrés Guillermo Fraga. Civil Court National Judge. -----------------------------------------------------

MARIANA PAULA CH:
TRADUCTORA PÚ
---- IDIOMA INGLE
MAT. Tº XIX – Fº 170 –
INSCRIP. C.T.P.C.B.A.

LETTER ROGATORY-----------------------------------------------------------------------

**TO THE SAME TIER JUDGE OR TO THE JUDGE THAT MAY BE ON DUTY IN THE CITY OF DOVER, STATE OF DELAWARE:** ------------------------------

**ANDRÉS G. FRAGA, ESQ., ARGENTINE REPUBLIC NATIONAL JUDGE, IN CHARGE OF THE CIVIL FIRST INSTANCE NATIONAL COURT NUMBER 104, SOLE CLERK'S OFFICE, OF THE CITY OF BUENOS AIRES, ARGENTINE REPUBLIC, DO HEREBY SALUTE, REQUEST AND MAKE KNOWN:**----------------------------------------------------------------------------

That in this Civil First Instance National Court from the City of Buenos Aires, capital city of the Argentine Republic, No. 104, sole clerk's office, with address at Talcahuano No. 490, first floor, City of Buenos Aires, the case **"BECK RONALD KURT C/ STAHLSCHMIDT HILDA S/ COLACIÓN"** (BECK RONALD KURT V. STAHLSCHMIDT HILDA ON COLLATION), DOCKET No. 27536/2013

is being heard and the letter rogatory herein has been mandated in the scope of THE HAGUE CONVENTION ON THE TAKING OF EVIDENDE ABROAD IN CIVIL OR COMMERCIAL MATTERS, ADOPTED ON 03/18/70 AT THE CONFERENCE ON PRIVATE INTERNATIONAL LAW, and in compliance with Chapter I provisions. ------------------------------------------------------------------

a) The requesting authority is Andrés G. Fraga, Esq., Judge of the Civil First Instance National Court No. 104 of the City of Buenos Aires.------------------------

b) Parties to this case are: -------------------------------------------------------------

**1) PLAINTIFF**: BECK RONALD KURT, ID: DNI ████3.530, his judicial attorney being Carlos E.M. Vásquez (son), Esq., with address for service of process in Av. Córdoba 1309, Piso 3ºA, Autonomous City of Buenos Aires. --------------------

**2) DEFENDANT**: STAHLSCHMIDT HILDA, ID: DNI ████6.025, her judicial attorney being María Cecilia Gomez Masía, Esq. with address for service of process in Hipólito Yrigoyen Nº 785, 3ºG, Autonomous City of Buenos Aires.------

c) The case on which the letter rogatory herein is issued concerns **inheritance collation**. ----------------------------------------------------------------------------------

FACTS -------------------------------------------------------------------------------------

1. - Pleadings regarding the succession of Mrs. Hildegard Augusta María Isabel Kipp were brought before the Civil First Instance National Court Number 104 (Docket No. 34.183/2011). ----------------------------------------------------------------

2. - On October 12, 2012, a court order was issued under which her sons, Mr. Beck Ronald Kurt and Mrs. Stahschmidt Hilda (page 166 of the case file), were

MARIANA PAU

declared as sole heirs. ---------------------------------------------------------------

3.- On April 24, 2013, Mr. Beck Ronald Kurt brought an inheritance collation claim so as to convene all the estate assets that belonged to the deceased, Mrs. Hildegard Augusta María Isabel Kipp, which, as Plaintiff argued, had been donated, either directly or indirectly (by means of disguised transactions) to Mrs. Hilda Stahlschmidt in order to favor her. ---------------------------------------------

4. - On August 9, 2013, Mrs. Stahlschmidt answered the collation claim denying plaintiff's arguments. ---------------------------------------------

RNIZKY
LICA
;
:ap. Fed.
№ 7,292

5. - On February 13, 2014, a conciliation hearing was held between the parties with unsuccessful results; therefore, a period was granted to produce evidence under these proceedings. ---------------------------------------------

MARIANA PAULA CHE
TRADUCTORA PUB
IDIOMA INGLE
MAT. Tª XIX - Fª 170 -
INSCRIP. C.T.P.C.B.A.

6. - Mrs. Stahlschmidt offered, among others, the following pieces of documentary evidence that give rise to this letter rogatory. Therefore, it is hereby requested to the judge that may be on duty in the city of Dover, that a court-ordered letter be issued under the laws of the State of Delaware and the United States of America: ---------------------------------------------

1) **To Deutsche Bank Capital Holdings Inc.,** with address at 1011 Centre Rd # 200, Wilmington, DELAWARE 19805, United States of America, so as to request information regarding the account opened under the name of Ronald Kurt Beck (holder of DNI No. ███3.530): whether such account has been opened by the person aforementioned and/or by Hildegard Augusta Maria Isabel Kipp de Stahlschmidt; the names of the account's beneficiaries; the funds

.A CHERNIZKY
:A PUBLICA
INGLES

currently held under such account; whether this account accrues interest and, if so, whether these amounts are withdrawn and by whom; whether wire transfers are made to another country; any other account transaction from the year 2005 to date, and the Andorran institution where funds are sent for collection. ---------

The judicial order under which this letter rogatory is issued states as follows: *"Buenos Aires, May 6, 2015.- (...) II.- In accordance with the requests made under page 132, second paragraph, and the descriptions under pages 448/457 (see translation on pages 467/470) of the case file; for the purposes required under page 132, second paragraph (see judicial order under page 182 (back), item II.c), it is hereby ordered that a letter rogatory be issued to the United States of America under a customary official letter and submitted before the Ministry of Foreign Affairs.- Signed: ANDRES GUILLERMO FRAGA. CIVIL NATIONAL JUDGE.-"*------------------------------

It is hereby noted that esquires Maria Cecilia Gomez Masía, Norma Rosa Inés Mucciolo, Paola Luciana Faletto, Luciano Gonzalez Etkin, Mr. Joaquín Gomez Masía, Mr. Bernardo Paso and/or any other person appointed by them shall be entitled to serve this request. ------------------------------------

THE UNDERSIGNED HEREBY PLEADS AND REQUESTS YOUR HONOR TO COMPLY WITH THE REQUEST HEREUNDER. ------------------------

Article 9 of the Convention on the Taking of Evidence Abroad, dated March 18, 1970, approved under Law No. 23.480, sets forth as follows: The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed. --------------------------

MARIANA PAULA CHE
TRADUCTORA PUI
IDIOMA INGLE
MAT. Tº XIX - Fº 170 -
INSCRIP. G,T,P,C,B,A

However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties. A Letter of Request shall be executed expeditiously." ------------------------------

I HEREBY SALUTE THE JUDGE AND OFFER RECIPROCITY IN SIMILAR CASES. ------------------------------------------------------------------------

DELIVERED, signed and sealed in this public office, in the City of Buenos Aires, Capital City of the Argentine Republic, on the 10th of June, 2015. -----------------

[Seal and signature at the end of the document]: Andrés Guillermo Fraga. Civil National Judge -----------------------------------------------------------------------

[Seal with Argentine Coat of Arms at the end of the document]: Civil Court of Appeals of the City of Buenos Aires. Certifications Division. The Civil Court of Appeals hereby certifies that the preceding seal and signature resemble those kept in our records. [Signature]: Mariana Irigaray. Administrative Undersecretary. Certifications Divission. Court of Appeals. -----------------------------

MARIANA PAULA CHERNIZKY
TRADUCTORA PÚBLICA
IDIOMA INGLES
MAT. T° XIX – F° 170 – Cap. Fed.
INSCRIP. C.T.P.C.B.A. N° 7.292

# EXHIBIT B

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| IN RE:  LETTER ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE NATIONAL CIVIL COURT OF FIRST INSTANCE NO. 104 BUENOS AIRES, ARGENTINA, IN THE MATTER OF BECK, RONALD KURT v. STAHLSCHMIDT, HILDA | )<br>)<br>)  Civil Action No.   M 10-7<br>)<br>)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Deutsche Bank Capital Holdings Inc., Attn:  Legal Department
     60 Wall Street, 36th Floor, New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Pursuant to the letter rogatory attached as Rider A.

| Place: U.S. Attorney's Office, Southern District of New York<br>      86 Chambers Street, 3rd Floor, New York, NY 10007 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/31/16

| | | |
|---|---|---|
| _____<br>*CLERK OF COURT* | OR | _____<br>*Attorney's signature* |
| _____<br>*Signature of Clerk or Deputy Clerk* | | |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* U.S.A. on behalf of the National Civil Ct of 1st Instance No. 104, Buenos Aires, Argentina , who issues or requests this subpoena, are:
Arastu K. Chaudhury, Assistant United States Attorney, U.S. Attorney's Office for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, NY 10007.  Email:  arastu.chaudhury@usdoj.gov  Tel.: 212-637-2633

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  M 10-7

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*    Deutsche Bank Capital Holdings Inc.

on *(date)*                                                .

☐ I served the subpoena by delivering a copy to the named person as follows:

_____

_____    on *(date)*                        ; or

☐ I returned the subpoena unexecuted because:

_____  .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                                    .

My fees are $                     for travel and $                     for services, for a total of $        0.00     .

I declare under penalty of perjury that this information is true.

Date:                              

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
　(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
　(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).